IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDALL MORGAN,                          :

        Plaintiff,                     :

          vs.                          :          Case No. 3:10cv170

MICHAEL ASTRUE, COMMISSIONER  :          JUDGE WALTER HERBERT RICE
OF SOCIAL SECURITY,                      :

        Defendant.                     :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S OBJECTIONS
(DOC. #21) TO THE REPORT AND RECOMMENDATIONS OF THE
MAGISTRATE JUDGE (DOC. #20); SAID JUDICIAL FILING ADOPTED
IN FULL; PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. #17)
SUSTAINED; JUDGMENT TO ENTER ACCORDINGLY

---

      Plaintiff initiated this litigation, in accordance with 42 U.S.C. § 405(g),

seeking judicial review of the Defendant's decision to deny hm an award of Social

Security Disability benefits.  This matter was referred to United States Magistrate

Judge Michael Merz for a Report and Recommendations.  On March 9, 2011, that

judicial officer filed his Report and Recommendations (Doc. #14), recommending

that the Court reverse the denial of benefits and remand this matter for further

proceedings in accordance with the fourth sentence of § 405(g).  Neither party

objected to the Report and Recommendations.  On March 29, 2011, this Court

entered its Decision, adopting Judge Merz's Report and Recommendations and remanding the matter to the Defendant for further consideration, in accordance with the fourth sentence of § 405(g). See Doc. #15. Judgment was entered thereon. See Doc. #16.

Thereafter, Plaintiff filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting an award of attorney's fees in the sum of $3,366.09.[1] See Doc. #17. The Defendant opposed that request (see Doc. #18), and the Plaintiff filed a reply memorandum in support thereof. See Doc. #19. This matter was referred to Judge Merz for a Report and Recommendations on the Plaintiff's request. Judge Merz has recommended that this Court award such fees in the amount requested. See Doc. #20. The Defendant has objected to that judicial filing (see Doc. #21), and the Plaintiff has filed a responsive memorandum. See Doc. #22.

The Court now rules on the Defendant's Objections (Doc. #21), to the Report and Recommendations (Doc. #20), concerning attorney's fees.

In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

_____

[1]That sum has been computed by multiplying the number of hours counsel reasonably expended representing his client by an hourly rate of $181.25, the EAJA statutory cap of $125.00 augmented by the increases to the CPI. The Defendant has not objected to the amount of the requested award, nor is there a basis for doing so.

28 U.S.C. § 2412(d)(1)(A).  In <u>Delta Engineering v. United States</u>, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award under the EAJA:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must <u>not</u> have been substantially justified.

<u>Id.</u> at 261 (emphasis in the original).  In <u>Perket v. Secretary of Health and Human Services</u>, 905 F.2d 129 (6th Cir. 1990), the Sixth Circuit elaborated upon the meaning of "prevailing party" in the EAJA:

> Plaintiffs are a "prevailing party" under EAJA "'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (citations omitted).  However, a party's victory need not be obtained by final adjudication of a lawsuit's merits.  Rather, "it is enough that the lawsuit acted as a 'catalyst' in prompting defendants to take the desired action.  <u>Citizens Coalition for Block Grant v. City of Euclid</u>, 717 F.2d 964, 966 (6th Cir. 1983).

<u>Id.</u> at 132.  Herein, it cannot be questioned that the Plaintiff was the prevailing party in an action brought against the Government, given that this Court reversed the denial of benefits and remanded this matter for further proceedings, in accordance with the fourth sentence of § 405(g).  <u>See</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-01 (1993) (holding that applicant for social security disability benefits who obtains reversal and remand under the fourth sentence of § 405(g) is the prevailing party).

Normally, the central question in an EAJA application is whether the Government's position in the litigation was "substantially justified."  The applicant for an award under the EAJA must allege in her petition that the position of the

- 3 -

Government was not so justified.  28 U.S.C. § 2412(d)(1)(B).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court said that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person."  <u>Id</u>. at 565 (internal quotation marks omitted).  The <u>Pierce</u> Court explained further that the Government's position would be "substantially justified" if it had a "reasonable basis in both law and fact."  <u>Id</u>. (internal quotation marks omitted).  <u>See</u> <u>also</u>, <u>Jankovich v. Bowen</u>, 868 F.2d 867, 869 (6th Cir. 1989).[2]  The Government has the burden of demonstrating that its position was substantially justified.  <u>E.W. Grobbel Sons, Inc. v. National Labor Relations Board</u>, 176 F.3d 875, 878 (6th Cir. 1999); <u>United States v. Jones</u>, 125 F.3d 1418, 1425 (11th Cir. 1997); <u>Harmon v. United States Through Farmers Home Admin.</u>, 101 F.3d 574, 586 (8th Cir. 1996).  In a judicial proceeding in which the denial of Social Security disability benefits is being challenged, the position of the Government is not substantially justified merely because the Magistrate Judge and/or District Court initially agrees with the denial.  <u>Howard v. Barnhart</u>, 376 F.3d 551 (6th Cir. 2004).  Moreover, the Government's position is not substantially justified in such a dispute, when it defends a denial of benefits which was based upon a selective view of the evidence.  <u>Id</u>.  Whether the Government's position is so justified is to be determined from the record which was before the administrative agency.

---

[2]Therein, the Sixth Circuit held that the Government's position to deny disability benefits may be substantially justified, even though the District Court subsequently determined that said decision was not supported by substantial evidence.  868 F.2d at 869-70.  Therefore, this Court's reversal of the Defendant's decision to deny benefits does not, in and of itself, mean that the Government's position was without substantial justification.

See 28 U.S.C. § 2412(d)(1)(B).

Plaintiff's claim for disability benefits was heard by an Administrative Law Judge ("ALJ"). During that hearing, the Plaintiff was not represented by counsel. The ALJ concluded that he was not disabled. Transcript ("Tr." at 18-32). When the Appeals Council denied Plaintiff's request for further review (Id. at 5-7), the decision of the ALJ became the Defendant's final decision, denying the requested award of disability benefits.

Judge Merz noted in his Report and Recommendations on the merits, that whenever the applicant for benefits is not represented by counsel, "the ALJ has a special duty to ensure that a full and fair administrative record is developed. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051 (6th Cir. 1983)." Doc. #14 at 8. More importantly, Judge Merz provided therein more than adequate support for the proposition that the ALJ violated that duty in this case. Doc. #14 at 9-10. In his Objections (Doc. #21) to Judge Merz's Report and Recommendations (Doc. #20), concerning attorney's fees, the Defendant has not even mentioned the ALJ's violation of the duty he owes to unrepresented applicants.

Based on the foregoing, the Court concludes that the Defendant lacked all justification, substantial or otherwise, for his denial of benefits to the Plaintiff. There can be no justification for an ALJ to ignore a duty recognized by the Sixth Circuit nearly 30 years ago. Accordingly, this Court overrules the Defendant's Objections (Doc. #21) to the Report and Recommendations of the Magistrate Judge (Doc. #20), regarding attorney's fees. That judicial filing is adopted by the

its entirety, thus sustaining Plaintiff's Motion for an Award of Attorney's Fees under the EAJA (Doc. #17).

Judgment is to be entered in favor of Plaintiff and against Defendant in the sum of $3,366.09.

September 13, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.